[Davidson v. Kahn & Co.]


# Davidson *v.* Kahn & Co.

*Statutory Trial of the Right of Property.*

1. *Fraudulent conveyances ; when no fraud shown conveyances can not be assailed by creditor.*—The facts that an insolvent debtor on the same day executes to his sister and his brother-in-law and his cousin, respectively, and on the next day to another brother-in-law, separate conveyances of portions of his property, and two days thereafter executes a deed of assignment to his remaining property for the benefit of all of his creditors, do not show fraud on the part of the insolvent debtor in the execution of the transfers, as against creditors existing at the time thereof, where it is shown that each of the transfers was made in absolute payment of a *bona fide* existing debt, that the property so transferred by separate conveyances did not exceed in value the amount of each of said debts, and that there was no benefit of any kind reserved to the debtor in making either of said transfers, and there was no evidence tending to show any fraud in the making of the assignment, or otherwise to impeach the validity of the instrument.

2. *Same ; right of creditor to question validity of assignment.*—Where an insolvent debtor makes several separate transfers to various creditors, of different portions of his property in payment of debts, and afterwards makes an assignment for the benefit of his creditors, the question whether the transaction as a whole constituted a general assignment enuring under the statute to the benefit of all of the creditors alike, can not be raised by an attaching creditor seeking to enforce his legal rights against one of the transferees by whom the property was claimed in a statutory action of the trial of the right to property ; such question can only be raised in a court of equity, where the creditor seeks to have the assignment established and enforced for his benefit.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN C. ANDERSON.

This was a statutory trial of the right of property, which was instituted by the appellant, Adolph A. Davidson, interposing a claim to certain property which had been levied upon under an attachment issued in a suit by the appellees, B. Kahn & Co., against M. Michaelis. The facts of the case are sufficiently stated in the opinion.

Among the charges requested by the claimant was the

general affirmative. charge in his behalf, to the refusal to give which he duly excepted.

There were verdict and judgment for the plaintiffs. The claimant appeals, and assigns as errors among other rulings of the court, the refusal to give the general affirmative charge requested by him.

MILLER & BONNER, for appellants, cited *Goode v. Long-mire*, 35 Ala. 668; *Townsend v. Brooks*, 76 Ala. 172; *McGee v. Currie*, 4 Texas, 217; *Hartford v. Jackson*, 11 N. H. 146; *Smith v. Niles*, 20 Vt. 315; *Hepp v. Glover*, 15 Louisiana, 461; Drake on Attachments, § 245; 1 Amer. & Eng. Encyc. of Law, 915.

PITTS, PITTS & SAFFOLD, *contra*, cited *Jaffray v. Smith*, 106 Ala. 112; *Roberts v. Burgess*, 85 Ala. 192; *Parker v. Wimberly*, 78 Ala. 64; *Townsend v. Brooks*, 76 Ala. 308; *Gray v. Raiborn*, 53 Ala. 40.

HEAD, J.—On November 10, 1893, M. Michaelis, a merchant, being insolvent, executed to the claimant in this cause, Adolph Davidson, his brother-in-law, an absolute bill of sale to the property involved in this controversy, and, at the same time, assigned to him certain chattel mortgages. On the same. day he sold to Marx Arnheim, his third cousin, certain goods from one of his stores in payment of a claim for about $500. On the same day he sold to Martha Davidson, his sister, certain goods out of one of his stores, in payment of a claim of about $800. On November 11, 1893, he executed to Simon Davidson, his brother-in-law, a deed, conveying to him in payment of an asserted debt about 250 acres of land, in Wilcox county, and certain personal property, for the recited consideration of $2,875. On November 13, 1893, he executed a deed of assignment for the benefit of all his creditors to Meek Miller, conveying two stocks of general merchandise; also all notes, mortgages, accounts and debts, claims and demands due and belonging to him in his business at Prairie Bluff; also all cattle, tools and farming implements belonging to him, on the Steele plantation, in Wilcox county; also all cotton, corn and cotton seed belonging to him, or on which he had a lien, in said county; also store fixtures and iron safe in his store in Bir-

mingham, Alabama, and all notes, books and accounts due and belonging to him· in said store. The bill of sale to the claimant, of the mules and horses in controversy, was recited to be in consideration of the sum of $800. ·

On November 14, 1893, the plaintiffs in this case sued out an attachment against the estate of said Michaelis, upon a demand for $2,665, which was levied the next day by the sheriff of Wilcox county, upon the mules and horses in controversy, and other property. The mules and horses were claimed by the claimant in the statutory form for the trial of the right of property.

On the trial the plaintiffs put in evidence the said several sales and conveyances ; offered evidence tending to show they were all executed about the same time and were· parts of one transaction ; proved the validity of their claim as existing before the execution of said sales and conveyances, and rested. The evidence for the claimant tended to show that the said Michaelis· was justly indebted .to him at the time of making said bill of sale in the sum of $2,100 or $2,200, and that the sale of the live stock and the transfer of the chattel mortgages, were made and accepted in absolute payment of said indebtedness ; that the property so sold and transferred did not exceed· in value the amount of his said debt. His evidence also tended to show that the sales made to said Simon Davidson, Marx Arnheim and Martha Davidson were, respectively, made in absolute payment of their said respective claims, which were real and *bona fide* demands existing at and before the. making thereof ; that the properties conveyed, respectively, did not· exceed in value the respective debts so paid, and that there was no benefit of any kind reserved by the said Michaelis in making either of said transfers. There was no evidence tending to show any fraud in the. making of the assignment to Meek Miller unless the circumstances already detailed had that tendency. There was no evidence having a contrary tendency to that intrdouced by the claimant, as above stated, in reference to said transfers.

The question then arises whether the facts that the debtor was then insolvent, and made these several transfers under the circumstances stated, are sufficient to send the case to the jury upon the question of fraud. It

[Davidson v. Kahn & Co.]

seems clear that they are not. The undisputed evidence being that the debtor actually owed the several debts at and before the making of the transfers, and that the property respectively transferred did not exceed in value the respective amounts of said debt, and the said assignment being regular and legal on its face, devoting the property assigned absolutely to the use of all the creditors, and there being no evidence otherwise to impeach the validity of the instrument, we are not able to perceive why creditors may now assail the transaction.

There can be no question, under the evidence, if there had not been evidence repelling all implication of fraud, that it would be a question for the jury to determine whether or not all the papers were not of such concurrent execution as to constitute really one instrument; but let it be conceded that they were executed at the same time and in contemplation of each other, if each was only such a disposition of property as the debtor had a legal right to make, without any fraudulent intent with reference to either of them, they are just as unassailable for fraud, at the suit of a creditor, as if they had been separate and independent transactions.

It may be true (and the evidence tends to show it) that the several transactions, taken together, constituted a general assignment enuring, under the statute, to all the creditors alike. But that is a question which does not arise here. It arises only when the creditors go into equity to have the assignment established and enforced for their benefit. Legal tribunals can take no cognizance of it. The plaintiff is seeking to enforce legal rights.

We are, therefore, of opinion that the general affirmative charge requested by the claimant ought to have been given. We deem it unnecessary to notice the other questions raised by the record.

Reversed and remanded.